## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

ELIZABETH BROWDY HARRISON )
                                   )
          *Plaintiff*, )
                                     )     Case No: 1:19-cv-154
v. )
                                     )     Judge Christopher H. Steger
ANDREW SAUL, )
Commissioner of Social Security )
Administration, )
                                     )
          *Defendant*. )

## MEMORANDUM OPINION

Plaintiff Elizabeth Harrison seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 16].

For the reasons that follow, Plaintiff's Motion for Summary Judgment [Doc. 18] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 23] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

## I. Procedural History

In September 2016, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability of July 15, 2016. (Tr. 15). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a

result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

In January 2018, ALJ Frederick McGrath heard testimony from Plaintiff, a non-attorney representative, and a vocational expert. (*Id.*). The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 22). Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial of benefits; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in May 2019, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is ripe for adjudication.

## II. Findings by the ALJ

The ALJ made the following findings concerning the decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.

2. Plaintiff had not engaged in substantial gainful activity since July 15, 2016, the alleged onset date. (20 C.F.R. §§ 404.1571 *et seq.*).

3. Plaintiff had the following medically-determinable impairments: degenerative disc disease of the lumbar spine, asthma, and chronic kidney disease (20 C.F.R. § 404.1520 *et. seq.*).

4. Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5. Plaintiff has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).

6. Plaintiff is capable of performing past relevant work as a retail sales associate. This work does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity (20 C.F.R. § 404.1565).

7.  Plaintiff has not been under a disability, as defined in the Social Security Act, from July 15, 2016, through the date of the ALJ's decision (20 C.F.R. § 404.1520(f)).

(Tr. at 15-22).

## III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, plaintiffs must show that they are unable to engage in any substantial gainful activity due to the existence of a medically-determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is not disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there

is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs*., 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching his decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, he must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial-evidence standard allows considerable latitude to administrative decision-makers. It presupposes a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs*., 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec*., 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Also, courts are not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV. Analysis

Plaintiff contends that substantial evidence does not support the ALJ's decision since the medical findings placed restrictions on Plaintiff that would prevent a full range of light work. Plaintiff further argues that the ALJ misapplied the treating-provider rule. Lastly, Plaintiff asserts that the ALJ erred in assessing Plaintiff's credibility. The Court will address each issue in turn.

### A. The ALJ's consideration of the medical opinions

Plaintiff notes that "the medical opinions of record, including and especially the opinion of the Agency's own examining expert, establish far greater, and more detailed limitations than those reflected in the ALJ's RFC finding." [Doc. 19 at PageID#: 693]. Plaintiff then goes on to state that, because the medical opinions were more restrictive, Plaintiff's residual functional capacity was "an inaccurate depiction of Plaintiff's limitations and, therefore, an RFC finding which is contrary to law." [*Id.*].

While Plaintiff is correct that each medical opinion placed greater restriction than the ALJ ultimately found to be applicable to Plaintiff, that does not mean that the ALJ committed legal error. The Sixth Circuit, in *Shepard v. Commissioner of Social Security*, rejected a similar argument. 705 F. App'x 435, 442–43 (6th Cir. 2017). In that case, "Shepard [ ] argue[d] that the ALJ's RFC lacks substantial evidence because no physician opined that Shepard was capable of light work." *Id.* at 442. Rejecting that argument, our appellate court noted that ALJs have the "responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Id.* (quoting *Rudd v. Comm'r of Soc. Sec.*, 531 Fed.Appx. 719, 728 (6th Cir. 2013)). "To require the ALJ to base [their] RFC on a physician's opinion, would, in effect, confer upon the

treating source the authority to make the determination or decision about whether an individual is under a disability." *Id.* at 442–43 (quoting *Rudd*, 531 Fed.Appx. at 728).

In this case, the ALJ found that the record did not support limitations greater than the full range of light work (Tr. 19). The fact that medical sources opined greater limitations does not invalidate the ALJ's RFC because it is the ALJ's responsibility to formulate the RFC. *See* 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as …your residual functional capacity…the final responsibility for deciding these issues is reserved to the Commissioner."). In other words, an RFC assessment is based upon the evaluation of the evidence as a whole, not just medical opinions. *See Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015) ("The district judge correctly decided that 'neither the applicable regulations nor Sixth Circuit law limit[s] the ALJ to consideration of direct medical opinions on the issue of RFC.'") (remanded on other grounds).

In determining Plaintiff's RFC finding, the ALJ noted that while there was a positive loss of fine sensation over the lateral aspect of the left thigh in September 2016, her strength was 5/5 in all four extremities. (Tr. 20, 364). Treatment notes from May 2017 reflected symmetric lower extremities and no muscle atrophy. (Tr. 20, 605). Plaintiff's November 2016 consultative exam showed normal gait, and she did not use an assistive device to walk. (Tr. 20, 437).

The other medical evidence in the record showed similar minimal findings. Physical examinations conducted at Plaintiff's emergency-room visits were unremarkable in February 2016 (Tr. 275), September 2016 (Tr. 256, 260), March 2017 (Tr. 499), and July 2017 (Tr. 479). At her August 2016 emergency-room visit, exams showed only mild pain to palpation of her left lateral thigh and pain with the abduction of her left leg, and she was observed to be in no acute distress, had full range of motion, and had an intact gait (Tr. 247). On two occasions, she left the emergency

room without receiving treatment. (Tr. 275, 498).

Examinations of her leg and back by her providers were also routinely unremarkable, even when she complained of pain. (Tr. 375, 383, 509, 512-13, 529, 533-34, 598, 605, 608-09). At Plaintiff's November 2016 appointment, she sought to have her disability paperwork completed, and she denied any pain. (Tr. 533-34). Further, her physical examination was entirely normal. (*Id.*). At her May 2017 appointment, Plaintiff had a normal range of motion of the lumbar spine, negative straight leg raise testing, no tenderness of the lumbar spine or paravertebral muscles, normal muscle tone, normal reflexes, normal coordination, and no muscle atrophy. (Tr. 605). A follow-up MRI revealed only mild degenerative disc disease at L5-S1. (Tr. 495). Even when Plaintiff's physical examination did reflect some tenderness in her leg, she retained a full range of motion and ambulated without assistance. *See* Tr. 364, 540.

These minimal objective findings are consistent with the ALJ's RFC for light work. *See Downs v. Comm'r of Soc. Sec.*, 634 F. App'x 551, 553 (6th Cir. 2016) ("This diagnostic evidence— which reveals mostly mild-to-moderate findings and no significant degeneration—offers support to the ALJ's RFC determination."). The ALJ recognized that the medical sources of record offered greater limitations, but properly evaluated and weighed them under the appropriate regulatory factors, and reasonably found them to be unpersuasive. An ALJ is to consider all medical opinions in conjunction with any other relevant evidence received to determine a claimant's RFC. 20 C.F.R. §§ 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

**B.  The ALJ's discounting of medical sources**

Plaintiff also contends that the ALJ "failed to acknowledge the special status . . . ." of the

treating and examining physicians. [Doc. 19 at PageID #: 696]. Specifically, Plaintiff argues that the ALJ "gave no obvious consideration to the Agency's statement that treating sources, such as Drs. Thomas, Samuel[,] and Makaya, are generally entitled to more weight . . . ." [*Id.*]. Additionally, Plaintiff finds that the ALJ erred regarding Dr. Mullady's opinion because "the Agency's regulations could not be clearer that a consultative examination opinion is generally entitled to greater weight." [*Id.* at PageID #: 697].

If a treating physician's opinion as to the nature and severity of impairment is: (1) well-supported by medically-acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). In making this determination, the appropriate weight to be given to a treating physician's opinion should be based on the length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the entire record, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that their physician has deemed them disabled and thus "might be especially bewildered when told by an administrative bureaucracy that [they] [are] not,

unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits a meaningful review of the rule's application. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

Unlike treating-source opinions, however, opinions from examining and non-examining sources are never entitled to controlling weight, and the ALJ is not required to give "good reasons" for the weight given to non-treating source opinions. *See* 20 C.F.R. § 404.1527(c)(2); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("SSA requires ALJs to give reasons for only treating sources"). The ALJ is merely to consider their opinions under the relevant regulatory factors and is not bound by any findings made by these sources. 20 C.F.R. § 404.1527. Under this deferential standard, ALJs are required only to (1) consider the opinions and (2) explain in the decision the weight given to the opinions. 20 C.F.R. § 404.1527.

Here, the ALJ gave the greatest weight to the State agency medical consultants, who opined that Plaintiff was limited to light work with additional restrictions. (Tr. 21, 51-52, 76-77). The ALJ found that the record was consistent with the doctors' opinions as to Plaintiff's lifting abilities but noted that their restrictions on Plaintiff's postural maneuvers lacked support in the record since treatment notes reflected normal muscle strength, coordination, and reflexes. (Tr. 21). The lack of support in the record is an appropriate basis for not adopting an opined restriction. *See* 20 C.F.R. §§ 404.1527(c)(3) (the weight given to the opinions of non-examining sources largely depends on the supporting explanation for those opinions and the degree to which the opinions considered all of the pertinent evidence, including the other opinions); (c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

As to Dr. Mullady's opinion, the ALJ found similar inconsistencies and a lack of support

in the record. Dr. Mullady's findings, in fact, were not only inconsistent with the record as a whole but also with Mullady's own examination findings, which showed normal muscle strength in all extremities, normal grip strength, normal manual dexterity, normal gait, and no use of an assistive device. (Tr. 20, 438).

The ALJ also discussed the statement from Dr. Makaya that Plaintiff was disabled because of her "inability to stand for long periods due to persistent lateral cutaneous nerve entrapment." (Tr. 532). The ALJ properly noted that a statement of "disability" is not a medical opinion, but rather an administrative finding dispositive of a case. (Tr. 20-21), and is thus not entitled to any deference. *See Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th. Cir. 2019).

Plaintiff also argues that the ALJ erred in evaluating the opinions of her UMA providers who completed medical-source statements. [*See* Doc. 19 at PageID #: 699-700]. The ALJ considered these physicians as treating sources, but Dr. Samuel had only examined Plaintiff once before offering her statement. (Tr. 21). Dr. Thomas offered a treating-source statement and two opinions on Plaintiff's manipulative limitations without having ever examined Plaintiff at all. (*Id.* at 21). But, such a tenuous treating relationship renders an opinion less persuasive. 20 C.F.R. § 404.1527 ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

The ALJ properly found that the opinions were inconsistent with and unsupported by the record (*Id.*). The ALJ properly considered that Dr. Samuel's opinion was internally inconsistent, as she limited Plaintiff to frequent foot controls but later stated that there were no known limitations specific to the feet (*Id.*). The ALJ also properly noted that Dr. Samuel based her limitations on Plaintiff's carpal tunnel syndrome, which was never diagnosed, and which had been "suspected" only days earlier. (Tr. 21). These discrepancies were properly found by the ALJ to

render the opinions less persuasive. (*Id.*). *See Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 258 (6th Cir. 2016), *reh'g denied* (Sept. 20, 2016) ("An ALJ must also consider the opinion's supportability and consistency in discerning the amount of weight due. . . . The ALJ here found that the 2009 report lacked support in objective medical evidence and was internally inconsistent. Thus, the ALJ applied the proper analysis to the 2009 report."); *Vorholt v. Comm'r of Soc. Sec.*, 409 F. App'x 883, 889 (6th Cir. 2011) ("Further, the ALJ also determined that Deters's opinion was internally inconsistent, which is an independent reason for granting it little weight.").

The ALJ also properly gave little weight to Dr. Thomas's opinions due to her lack of treating relationship with Plaintiff, the fact that she had not observed Plaintiff, and that she left some questions unanswered and for some questions, she affirmatively stated she was "not sure" of the answer. (Tr. 21). *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (the ALJ properly rejected the medical source statement because it was not supported by the objective medical evidence in the record).

In sum, the ALJ's analysis satisfies the regulatory requirements: his reasons were "supported by the evidence in the case record" and were "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *See* 20 C.F.R. § 404.1527.

C.     **Plaintiff's subjective complaints**

Plaintiff next contends that "the ALJ's cursory rationalization of his findings and explanations for rejecting medical opinion evidence that unanimously contradicts his RFC finding extends to his analysis of whether Plaintiff's self-description of her limitations is consistent with the record." [Doc. 19 at PageID #: 701]. The Court disagrees.

As an initial matter, Plaintiff's arguments about her credibility are within the ALJ's

discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the limiting effects of her symptoms were not entirely credible. (Tr. 19-20); *see* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, her activities of daily living, discrepancies within the record, and the medical opinions not being supportive of the alleged disability. (Tr. at 21, 23-28). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14

(6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

## V. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Summary Judgment [Doc. 18] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 23] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE